# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | | |
|---|---|---|
| BRAD ALLEN MAY, MELVIA LOUISE MAY, SAMANTHA HORVATICH, and KODY WAYNE EATON<br>Plaintiffs, | § § § § § § | |
| vs. | § § | Civil Action No. 6:21-cv-00272 |
| BULBULPREET KAUR HUNDAL and HUNTER EXPRESS, L.T.D. | § § § § § | |
| Defendants. | § | |

**PLAINTIFFS ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF THIS COURT:

NOW COME PLAINTIFFS BRAD ALLEN MAY, MELVIA LOUISE MAY, SAMANTHA HORVATICH, and KODY WAYNE EATON and file this Plaintiffs Original Complaint complaining of Defendants BULBULPREET KAUR HUNDAL and HUNTER EXPRESS, LTD.

**I. PARTIES**

1. Plaintiffs are individuals residing in Austin, TX.

2. Defendant Bulbulpreet Kaur Hundal ("Defendant Hundal") is an individual residing at 15 Bayridge Dr, Brampton, 98 Ontario, Canada. Issuance of citation is requested.

3. Defendant Hunter Express, LTD. ("Defendant Hunter") is a foreign limited company, with its principal place of business in Ontario, Canada. This Defendant is authorized to

do business and doing business in Texas. This Defendant can be served by serving the company's registered agent Jeffrey Fultz at 1221 McKinney St, Suite 4300, Houston, TX 77010.

## II. BASIS FOR JURISDICTION/ VENUE

4. Jurisdiction arises under 28 U.S.C. § 1332 (diversity), as the suit is between citizens of different states and the matter in controversy exceeds $75,000, excluding interest and costs.

5. Venue is proper in the Western District of Texas Waco Division under 28 U.S.C. §1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the Western District of Texas Waco Division.

## III. STATEMENT OF CLAIM

6. On February 14, 2021 Defendant Hundal was driving a 2021 Freightliner Tractor-Trailer rig belonging to Defendant Hunter pursuant to Defendant Hundal's employment with the company. Defendant Hundal was in the course and scope of employment with Defendant Hunter. At approximately 3:25 p.m., Defendant Hundal was driving southbound in the center lane of Interstate Highway 35 in McClennan County, Texas.

7. Defendant Hundal negligently failed to maintain a safe speed given the weather conditions. Defendant Hundal negligently lost control of the 18-wheeler and blocked the southbound lanes of traffic on IH-35. Plaintiffs were riding in a Mitsubishi Lancer driven by Plaintiff Brad Allen May. The Plaintiff's vehicle collided with the 18-wheeler as it blocked the road.

## IV. CAUSES OF ACTION

9. Defendant Hundal had common law and statutory duties to use ordinary care in the operation of Defendant Hunter's vehicle. Defendant Hundal negligently breached those duties, and

that negligence proximately caused the collision and the Plaintiff's resulting injuries and damages. Specifically, Defendant Hundal was negligent and/or negligent per se in the following particulars:

    a.    Failing to keep a proper lookout;

    b.    Failing to control speed;

    c.    Failing to apply timely the brakes;

    d.    Failing to take proper evasive action;

    e.    Failing to abide by Tex. Transp. Code § 545.060(a), which provides that: "An operator: (1) shall drive as nearly as practical entirely within a single lane and (2) may not move from that lane unless that movement can be made safely.";

    f.    Failing to drive a reasonable, prudent speed considering the weather conditions;

    g.    Violating Tex. Transp. Code § 545.401 by driving a vehicle in willful or wanton disregard for the safety of persons or property;

    h.    In all things failing to act as a reasonable person using ordinary care in the same or similar circumstances.

Each of these acts of negligence and/or negligence per se was a proximate cause of the collision and the Plaintiffs injuries and damages.

10. Defendant Hunter is liable to the Plaintiffs for each of the following acts of negligence:

    a.    Negligently hiring and/or training Defendant Hunter;

    b.    Negligently entrusting its vehicle to Defendant Hundal who was not competent to drive the vehicle; and

    c.    Negligently undertaking to provide a vehicle such as the one in question to Defendant Hundal who was not competent to drive the vehicle.

Each of these acts of negligence was a proximate cause of the collision and the Plaintiff's injuries and damages.

11. Defendant Hunter is also vicariously liable to the Plaintiffs for the negligence of its driver Defendant Hundal which proximately caused the collision and Plaintiff's injuries and damage under the doctrine of respondeat superior.

## V. DAMAGES

12. Because of their injuries and damages proximately caused, jointly and severally, by each of the Defendant's negligence, each Plaintiff is entitled to reasonable compensation for the following elements of damages, both up to the time of trial and beyond:

    a. reasonable and necessary medical expenses;

    b. lost wages and loss of earning capacity;

    c. physical pain and mental anguish;

    d. physical impairment; and

    e. disfigurement.

## VI. PRAYER

13. Plaintiffs pray that they each have judgment against the Defendants, jointly and severally, for actual damages; prejudgment and post judgment interest at the legal rates on the appropriate elements of damages for the time periods permitted by law; costs of Court; and all other relief, legal or equitable, to which they are entitled.

## VII. CERTIFICATION

14. Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so

identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule

Respectfully submitted,

By:   */s/ Price Ainsworth*
      Price Ainsworth,
      Attorney in Charge,
      Texas State Bar No. 00950300
      1515 South Capital of Texas Hwy,
      Suite #500
      Austin, Texas 78746
      Telephone: (512) 477-7333
      Facsimile: (512) 477-1855
      priceainsworth@lorenzandlorenz.com
      ATTORNEY FOR PLAINTIFF